FROM WAKE.
The jurors for the State upon their oath present, that W. R. P., late of, etc., on, etc., and for a long time as well before as, etc., being overseer of that part of the public road leading from, etc., to, etc., did permit the said public road of which he was overseer as aforesaid in, etc., to become ruinous, miry, broken and in great decay, for want of due reparation thereof, and the same so to be and remain during, etc., negligently did permit and still doth permit, to the great damage and common nuisance of all the citizens of the State and others, the same road passing and repassing, against the form of the statute in such case made and provided, and against the peace and dignity of the State.
After a verdict for the State it was moved for the defendant that the judgment should be arrested, and the causes assigned was, that by the act of 1784 (Rev., ch. 227), the duties of an overseer of the road *Page 129 
were prescribed, and a penalty, recoverable by warrant, prescribed in case of neglect; and by the act of 1786 (Rev., ch. 256) a neglect of these duties was made indictable; yet the indictment in this case concluded "against the form of the statute," and not "of the statutes," in the plural, which it was contended was the proper conclusion.
His Honor, Judge MARTIN, overruled the motion, and judgment (203) being rendered for the State, the defendant appealed. The case was argued at June term, 1828.
There being a difference of opinion in the Court, the cause was held under advisement until the present term, when the argument of the counsel was shortly recapitulated, as his Honor, Judge TOOMER, was not present at the former meeting.
It appears to me that the authorities on this subject are somewhat perplexed and unsatisfactory. 2 Hawkins, ch. 25, sec. 117, says that where the same offence is prohibited by several independent statutes there are some authorities that you must either conclude contra formam statutorum, orcontra formam of the particular statutes, naming them; and that if you barely conclude contra formam statuti, the indictment will be insufficient for not showing on which of the statutes it was taken. But there are strong authorities for the contrary opinion, which is also most agreeable to precedents. The same doctrine is laid down in 1 Chitty Cr. Law, 291. But I do not think it applies to the case now before the Court, because the act of 1786 cannot be taken to be independent of that of 1784, because if the act of 1784 is kept out of view there is no offence committed. That act creates the offence; the act of 1786 only gives the remedy.
Hawkins, in the section above referred to, says that where a later statute ordains that a former statute shall be executed in a new case, not mentioned in the former, as that of 8 Henry VI, ch. 9, provides, that the statute of 15 Rich. II, ch. 2, shall be executed in the case of a forcible detainer, which is not mentioned in it; or where a new statute adds a new penalty to an offense prohibited by a former statute, as the 23 Eliz. does to that of the 20 Eliz. for a month's absence from church, contrary to the tenor of the 1 Eliz., it seems that it may be argued with great reason that if the indictment conclude contra (204)formam statuti it will be insufficient, because the offense is not punishable by any one statute only. Yet considering that the precedents in these cases generally conclude contra formam statuti, and the prosecution in truth depends upon the later statute, which seems itself *Page 130 
alone sufficient to support it, it may be reasonably argued, and seems agreeable to the later opinions, that such a conclusion may be allowed in these cases. Chitty lays down the same doctrine in the page above referred to.
As to the first branch of the proposition, that where a new penalty is added by a later statute to an offense prohibited by a former, it is proper to conclude contra formam statutorum. Dingley v. Moore, Cro. Eliz., 750, is relied upon. By that case it appears that it was by the 1 Eliz., enjoined as a duty upon all subjects to go to church on Sundays and holidays, on pain of punishment by the censure of the church, and forfeiture of twelve pence for every offence, to be recovered by the wardens of the parish, for the use of the poor, etc. By the 23 Eliz., ch. 1, sec. 5, it is enacted, that every person above the age of sixteen, who shall not repair to the church, contrary to the statute of 1 Eliz., shall forfeit twenty pence, for every month they shall forbear, to the Queen's majesty, and shall be bound with security in the sum of two hundred pounds for their good behavior. Broughton v. Moore, Cro. Ja., 142, is an authority in support of the same doctrine. 2 Hale, P. C., 173, lays down the same rule, and founds his opinion upon Dingleyv. Moore. Dormer's case, 2 Leo., 5; Rex v. Simmons, Aleyn, 49, 50, and Owen, 135, are also cited for the same purpose. Archbold Cr. Pl., 28, lays down the law to be that when one statute creates the offence and another inflicts the penalty the indictment for the offence must conclude contra formam statutorum, and cites 2 Hale, 173, and Broughton v. Moore. In addition to these authorities there is (205) one of modern date — Lee v. Clark, 2 East., 333 — in which Lord Ellenborough says that if one statute prohibits a thing and another statute gives a penalty, then, upon an information upon a penalty, both statutes ought to be recited and to conclude contra formam statutorum. It is true that in a subsequent case — Earl of Clanricarde v.Stokes, 7 East., 516 — he dispenses with the necessity of such a conclusion provided the statutes are sufficiently referred to in the body of the information. As that is not done in this indictment, both those cases are authorities that the conclusion should be contra formamstatutorum.
Andrews v. Parish of Luwknor, Cro. Ja., 187, does not shake the ground on which these authorities are based. That was an action against the hundred, upon the statute of Winton (13 Edward I, ch. 2), of hue and cry. It was objected that the declaration should have concluded contra formamstatutorum, because it was against the statute of 27 Eliz., ch. 18, as well as against the statute of Winton. The Court held otherwise, because the action was founded upon the statute of Winton, which gave the penalty and remedy; that of Eliz. *Page 131 
only regulated the manner of the examination, and limited the time within which the action should be brought.
In support of the last branch of the proposition laid down by Hawkins and Chitty, that a conclusion contra formam statuti is sufficient by more modern authorities, where one statute creates an offence and another adds a new penalty. Warren v. Sayre, 1 Mod., 191, is cited. In that short case it was decided that an information upon the 25 Eliz. only reciting the clause in it, which has reference to the 1 Eliz. was good. To dispose of this case it may be asked if the judges would have so decided, if no reference to the 1 Eliz. had been made in the body of the information, which last statute made it a duty to go to church on Sundays and holidays, the omission of which was not an offence at common law. This case is not reconcilable with another case cited for the same purpose. In Parker v. Webb, (206) 3 Lev., 61, it is held that an information will lie upon the 23 Eliz. alone, because that statute only gives the penalty of twenty pence per month, etc. Now, in this case it does not appear that there was any reference in the body of the indictment to the 1 Eliz. as there was, and which was held insufficient, in the case of Warren v. Sayre.
For my own part I feel bound to subscribe to those opinions which consider the 23 Eliz. dependent upon the 1 Eliz. Keep the latter statute out of view, and I am at a loss to perceive how a recovery of the penalty can be had on the former. The 23 Eliz. does not make it a duty to go to church at any particular time, but gives a penalty for not going to church, as the 1 Eliz. points out. How is this to be ascertained without having recourse to it?
To apply these principles to the case now before the Court, by sec. 14 of the act of 1784 (Rev., ch. 227), it is declared that the overseers of the road shall keep the same in repair, and in default thereof shall forfeit forty shillings, over and above such damages as shall be sustained, to be recovered by a warrant before any justice of the peace by any person taking out the same, and to be applied to his own use. By the act of 1786 (Rev., ch. 256), amendatory of the act of 1784, it is declared that all offences committed or done against the purview of the act of 1784 shall be hereafter prosecuted by indictment in any Court having cognizance thereof, and all forfeitures shall be recovered by action of debt. By this act the remedy by indictment is given, to which, upon conviction, an additional punishment by fine is annexed. The result in my mind is that the act of 1784 creates the offence; the act of 1786 gives an additional remedy and punishment; consequently that the indictment should conclude in the plural — contra formam statutorum.
This may appear to be a trivial objection. Be it so; but if it (207) *Page 132 
has been sustained as well founded, for centuries, by able and learned judges, it would be presumption in me, as well as a disregard of my duty, to overrule it.
TOOMER, J., concurred.